LOTTINGER, Judge.
This is a suit brought by Mrs. Doris R. Nereaux, individually and as natural tutrix for and on behalf of her minor child, Doris Dae Smart for damages, resulting from an assault and battery committed by the defendant, Edward Rivet, against Doris Dae Smart. Subsequent to the filing of this suit and prior to trial, the minor child came of age and was made a party plaintiff. The Trial Court found in favor of the plaintiff, Doris Dae Smart Kern, in the amount of $800.00 plus interest and court costs. From this judgment the plaintiffs have appealed.
Doris Dae Smart Kern appeals from the quantum awarded her as damages. Mrs. Doris R. Nereaux appeals from the failure of the Trial Court to award her damages for amounts expended by her for doctor services and medicine as the mother of Doris Dae Smart and both plaintiffs appeal from the failure of the Trial Court to award and set out expert witness fees for the doctor who testified. The defendant has not answered this appeal, and therefore, this appeal is limited to quantum alone inasmuch as the question of liability is not before this Court.
The injuries received by Doris Dae Smart Kern are best described by the testimony of the attending physician wherein he said:
“Miss Doris Smart was first seen by me on September 21st, 1958, (the date of the assault and battery) at the Plaquemine Sanatarium, at which time she gave the history of having been pulled from a chair by the owner of the Holiday Park, injuring her left shoulder. X-rays were *821 taken of the left shoulder, were negative of fracture or dislocation. I made a diagnosis of a traumatic injury to the left shoulder with injury to the bursa (brachial) plexus. At the present time Miss Smart is still complaining of pain on movement of the shoulder but I feel that she has made satisfactory recovery from her injury and that symptoms should disappear in the next few weeks. That was written on March, 1959 — the 3rd.”
The doctor further testified that he discharged her as having recuperated on April 27th, 1959. Miss Smart visited the doctor’s office twenty-nine times for ultrasonic therapeutic treatments. The doctor further testified that there was no permanent injury to this young girl. The Trial Judge had the opportunity to listen to the witnesses and consider all of the evidence presented, and we do not find that he was manifestly inadequate in his award of $800.00 damages to Doris Dae Smart Kern for her injuries.
As to the failure of the Trial Judge to fix the expert witness fees, we feel that this was an oversight on his part, and considering the length of testimony of the doctor, we therefore fix and tax as cost the fee of the medical expert in the amount of $50.00.
As to the appeal by Mrs. Doris R. Nereaux, we can find nowhere in the record of this proceedings any judgment in favor of or against Mrs. Nereaux for the medical expenses paid by her. Since we can find no judgment in this record which has been rendered or signed either in favor of or against Mrs. Nereaux, we do not feel that there is any judgment present which she can appeal from. Therefore, for this reason, her appeal as to the failure of the Trial Court to award her medical expenses must be dismissed.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is amended, and as amended, affirmed.
Judgment amended and affirmed.